| **Walber 82 St. Assoc., LP v Fisher** |
|---|
| 2025 NY Slip Op 30183(U) |
| January 16, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155841/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**                    PART                    14

*Justice*

-----------------------------------------------------------------------------X

WALBER 82 STREET ASSOCIATES, LP

                Plaintiff,

             - v -

DR. ANDREW FISHER,

             Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155841/2022 |
| MOTION DATE | 01/15/2025 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 82, 83, 84, 85, 86

were read on this motion to/for                DISCOVERY          .

Defendant's motion to compel discovery is decided as described below.

**Background**

Plaintiff owns a building located on West 82nd Street in Manhattan and defendant took possession as the tenant of "Store Six" in the building pursuant to a lease from October 2004. Plaintiff argues that the lease was amended in June 2012 and again in September 2016. It argues that defendant failed to pay rent through October 2021 and then remained in possession of the premises after the expiration of the lease on October 31, 2021. Plaintiff contends that defendant owes use and occupancy from November 2021 through September 2022.

Defendant argues that the parties entered into a preliminary conference order on September 20, 2023 and that plaintiff failed to respond to the discovery demands identified in that order. Defendant admits that the parties agreed to an extension of time but that plaintiff ignored that deadline and eventually turned over responses in August 2024. Defendant focuses

**155841/2022   WALBER 82 STREET ASSOCIATES, LP vs. FISHER, DR. ANDREW**
**Motion No.  004**

Page 1 of 5

1 of 5

on a particular demand that seeks "All commercial lease(s) entered into by Plaintiff with other tenant(s) at 453 Columbus Ave, NY, NY together with any amendment(s) during the Relevant Period" (NYSCEF Doc. No. 72, ¶ 9). The "Relevant Period" is October 2004 to present (*id*. n 1).

Defendant contends that obtaining copies of commercial leases at plaintiff's building during this period might provide information about a potential fair market value for a month-to-month tenancy should such a damage calculation be necessary. Defendant argues that there are only three other commercial units in the building and so the production of these documents would not be burdensome.

In opposition, plaintiff points out that defendant is seeking 19 years of commercial leases and has not met his burden to show why such a time frame is reasonable to determine fair market value during the relevant time. Plaintiff also argues that defendant has not identified how the leases for those other stores might be relevant to the issue here. It acknowledges that there may need to be a determination of the use and occupancy for defendant from 2016 through 2022 but argues that there is no suggestion that those other stores are comparable to defendant's commercial business. Plaintiff insists it offered to provide a certified rent roll for the stores in the building from 2016 through 2022. As for missing the deadline, plaintiff sufficiently explained the reasons in the papers, the Court finds those reasons meritorious and excuses the delay and wishes everyone well.

In reply, defendant argues that there could be other terms and conditions in these other leases that might affect the valuation of a month-to-month tenancy. Defendant insists that the requested information is relevant and is neither unduly burdensome nor palpably improper.

**155841/2022   WALBER 82 STREET ASSOCIATES, LP vs. FISHER, DR. ANDREW**
  **Motion No.  004**

**Page 2 of 5**

**Discussion**

In the Appellate Division, First Department's decision, it noted that "plaintiff did not offer sufficient proof to rebut Fisher's showing that he never received delivery of the executed second amendment during the lease period. Evidence of defendant's continued occupancy and payment of rent after expiration of the first amendment to the lease in 2016 is equally consistent with a month-to-month tenancy giving rise to an obligation to pay use and occupancy, and therefore does not, without more, prove delivery of the second amendment. Although plaintiff argued that it submitted the executed second amendment to a lender for the purpose of refinancing the building, there is no admissible proof in the record of that submission, and under the circumstances, there is an issue of fact as to whether plaintiff's actions are sufficient to demonstrate an intent to convey a leasehold interest to Fisher" (*Walber 82 St. Assoc., LP v Fisher*, 217 AD3d 469, 471, 190 NYS3d 59) [1st Dept 2023]).

Clearly, the issue of the fair market value is relevant should defendant be found to have occupied the premises on a month-to-month basis as opposed to being bound under the terms of the relevant lease amendment. The document demand at issue seeks "All commercial lease(s) entered into by Plaintiff with other tenant(s) at 453 Columbus Ave, NY, NY together with any amendment(s) during Relevant Period" (NYSCEF Doc. No. 75, ¶ 5). The relevant period is defined as "'Relevant Period' that is the subject of this Notice for Discovery and Inspection is October 2004 to present date or as specified or within the time frame that the demand(s) are within the custody and control of the Plaintiff" (*id*. ¶ 1).

This Court sees no basis upon which production of all commercial leases at plaintiff's building going back to 2004 would be likely to yield material or relevant information and defendant does not adequately explain how a lease for a different commercial premises in 2004

**155841/2022   WALBER 82 STREET ASSOCIATES, LP vs. FISHER, DR. ANDREW**
**Motion No.  004**

**Page 3 of 5**

3 of 5

could possibly be relevant to the fair market value of defendant's space more than ten years later. The scope of this demand is palpably improper. The issue, as framed by the parties and the Appellate Division, is how to calculate a fair market rate for the premises should such a calculation be necessary, a task typically performed by experts.

The relevant period at issue here is defendant's presence in the space from 2016 through 2022. Plaintiff's offer to provide rent rolls for that period directly addresses this issue. Defendant's assertion that the rent roll is not sufficient because "there could be other terms and conditions contained in other leases that could affect the valuation" is too vague and conclusory at this juncture to compel plaintiff to turn over leases, much less nearly two decades of leases. Defendant did not expound upon the particular terms or conditions that it expects to find in these leases nor did it adequately explain why a lease from 2004 has any bearing on the fair market value of the premises in 2016.

Plaintiff shall turn over the rent rolls for the commercial spaces in the building from 2016 through 2022 to defendant by February 11, 2025.

To the extent that defendant mentions other document demands in reply, those assertions are without merit as movant cannot raise issues for the first time in reply.

Accordingly, it is hereby

ORDERED that defendant's motion to compel is denied, except that plaintiff shall turn over the aforementioned rent rolls to defendant by February 11, 2025.

The conference is adjourned to April 9, 2025. By April 2, 2025, the parties shall upload 1) a stipulation about discovery signed by all parties, 2) a stipulation of partial agreement that identifies the areas in dispute or, 3) letters explaining why no agreement about discovery could be reached. The Court will then assess whether a conference is necessary (i.e., if the parties

**155841/2022   WALBER 82 STREET ASSOCIATES, LP vs. FISHER, DR. ANDREW**   **Page 4 of 5**
  **Motion No.  004**

[* 4]

4 of 5

agree, then an in-person conference may not be required). If nothing is uploaded by April 2,

2025, the Court may adjourn the conference or order a note of issue be filed.

| 1/16/2025 | | | ARLENE P. BLUTH, J.S.C. | |
|-----------|---|---|---|---|
| **DATE** | | | | |

**CHECK ONE:**      ☐ CASE DISPOSED      ☒ NON-FINAL DISPOSITION

                       ☐ GRANTED    ☐ DENIED      ☐ GRANTED IN PART      ☒ OTHER

**APPLICATION:**      ☐ SETTLE ORDER      ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:**      ☐ INCLUDES TRANSFER/REASSIGN      ☐ FIDUCIARY APPOINTMENT      ☐ REFERENCE

**155841/2022   WALBER 82 STREET ASSOCIATES, LP vs. FISHER, DR. ANDREW**
**Motion No.  004**

**Page 5 of 5**

5 of 5